UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ESTEBAN GONZALEZ,<br><br>    Petitioner,<br><br>    v.<br><br>J. GRONDOLSKY, WARDEN<br><br>    Respondent. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 14-13279-MGM<br>*<br>*<br>* |

MEMORANDUM AND ORDER REGARDING
RESPONDENT'S MOTION TO DISMISS HABEAS
PETITION AND PETITIONER'S MOTION FOR
SUMMARY JUDGMENT
(Dkt. Nos. 13 and 17)

July 15, 2015

MASTROIANNI, U.S.D.J.

I. INTRODUCTION

Esteban Gonzalez ("Petitioner"), a federal prisoner in custody at FMC Devens in Ayer, Massachusetts, has filed a self-prepared petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner's federal sentence was ordered to run concurrently with any sentence imposed on then-pending state charges. Inexplicably, at the conclusion of his state incarceration, instead of transferring Petitioner directly to federal custody to serve the remainder of his federal sentence, state officials released him on parole. Two hundred and sixty-five days later, federal authorities arrested Petitioner and he resumed serving his federal sentence. Petitioner seeks a reduction of his federal sentence for this time spent "at liberty" following his release from state prison and before federal authorities detained him.

Presently before the court is a motion to dismiss filed by Jeffrey Grondolsky ("Respondent"), Warden of Federal Medical Center—Devens, (Dkt. No. 17), and a motion for summary judgment filed by Petitioner, (Dkt. No. 13). For the reasons which follow, the court will

deny Petitioner's motion for summary judgment[1] and convert Respondents' motion to dismiss into a motion for summary judgment.

II. BACKGROUND

Petitioner originally filed a one-page letter with the court on August 7, 2014, which was docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1.) Petitioner, however, failed to sign the letter under the penalty of perjury and failed to either pay the filing fee for habeas petitions or obtain a waiver of the fee, so the court, on August 19, 2014, directed him to file a new petition within 21 days correcting these deficiencies. (Dkt. No. 3.) On September 23, 2014, the Clerk mailed another copy of the August 19, 2014 order to Petitioner in response to his letter requesting the status of his case. (Dkt. No. 5.) The case was inadvertently dismissed without prejudice the following day for failure to comply with the court's order. (Dkt. No. 6.) On October 10, 2014, Petitioner paid the $5.00 filing fee and filed the instant Petition pursuant to 28 U.S.C. § 2241. (Dkt. Nos. 7 and 8.) That same day, the case was reopened, and the court issued an order directing Respondent to file a responsive pleading within 21 days of receipt of the service order. (Dkt. Nos. 9 and 10.)

The docket, however, does not indicate that the October 10, 2014 service order was actually mailed to Respondent, and Respondent has explained that the United States Attorney's Office has no record of receipt of that order. On January 9, 2015, the court issued another service order, again directing Respondent to file a responsive pleading within 21 days of receipt.[2] (Dkt. No. 11.) On January 21, 2015, Petitioner filed a motion for summary judgment, arguing that because Respondent

---

[1] Petitioner also filed a "Renewed Motion for Summary Judgment," (Dkt. No. 22), which simply reiterated the relief sought in his initial motion for summary judgment. Accordingly, the court will also deny Petitioner's renewed motion for reasons discussed below with regard to Petitioner's initial motion for summary judgment.
[2] Unlike the October 10, 2014 service order, the docket does indicate that this service order was mailed to Respondent. (Dkt. No. 12.)

failed to respond to the Petition, the court should enter judgment in his favor. (Dkt. No. 13.) On February 20, 2015, the court issued Respondent an order to show cause by March 6, 2015 why Petitioner's motion for summary judgment should not be allowed in light of Respondent's failure to comply with the service orders or file an opposition to Petitioner's motion. (Dkt. No. 14.) On March 6, 2015, Respondent's counsel filed a notice of appearance, a motion to dismiss, and a corresponding memorandum in support of the motion to dismiss, response to the order to show cause, and opposition to Petitioner's motion for summary judgment. (Dkt. Nos. 16-18.)

As mentioned, Respondent explained that the United States Attorney's Office had no record of receipt of the Petition or any service order until January 9, 2015. Thereafter, Respondent explained, the United States Attorney's Office in Springfield mistakenly forwarded the Petition and service order to the Criminal Division in Boston. Respondent further explained that, upon receipt of the order to show cause, the case was returned to the Springfield office for a response.[3] On March 10, 2015, the court issued an electronic order providing Petitioner with 60 days from receipt of Respondent's memorandum to file a response. (Dkt. No. 19.) On March 23, 2015, Petitioner filed a renewed motion for summary judgment. (Dkt. No. 22.) He has not, however, filed a substantive response to Respondent's motion to dismiss.

III. ANALYSIS

A.   Habeas Jurisdiction

Persons "in custody in violation of the Constitution or laws or treaties of the United States" may challenge their detention by seeking a writ of habeas corpus. 28 U.S.C. § 2241(c)(3). A federal prisoner challenging the manner in which a sentence is executed may bring a petition under 28

---

[3] Respondent also apologized for the delay in filing a response but asserts that the delay has not prejudiced Petitioner, who, even if entitled to relief, would not be eligible for release until 2017.

U.S.C. § 2241.  Muniz v. Sabol, 517 F.3d 29, 33-34 (1st Cir. 2008).  A petition under § 2241 must be brought in the district where the prisoner is incarcerated, United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999), and, when challenging the computation of a federal sentence, must follow exhaustion of administrative remedies with the Bureau of Prisons, United States v. D'Amario, 2 Fed. Appx. 25, 29 (1st Cir. 2001) (unpublished).  Here, Petitioner is challenging the execution of his federal sentence, namely, the BOP's refusal to grant him credit for the 265 days he spent "at liberty"; he is incarcerated in this district; and there is no dispute that he has exhausted his administrative remedies.  Accordingly, the court properly has jurisdiction under 28 U.S.C. § 2241.

B.      Petitioner's Motion for Summary Judgment

Petitioner's motion for summary judgment is grounded solely in Respondent's failure to timely comply with the court's service orders.  In essence, therefore, Petitioner seeks a default judgment against Respondent.  However, "[t]he law is well-settled that resolving a habeas corpus petition on the ground of 'default' is disfavored and generally inappropriate."  Santillana v. Collins, 2015 WL 852328, at *3 (S.D.W.VA Jan. 14, 2015); see Quinones-Torres v. United States, 240 Fed. Appx. 876, 878 (1st Cir. 2007) (unpublished) (citing Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."))); see also Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984) (explaining that "a habeas petition is not an ordinary civil proceeding").  In any event, Respondent complied with the court's order to show cause (albeit on the last day), explained the reasons for its previous non-compliance with court orders, and set forth potentially meritorious reasons for dismissing the Petition.  The court also agrees with Respondent that Petitioner has not been prejudiced by the delay since he would not be eligible for release, at the earliest (even counting the disputed 265 days), until 2017.  Accordingly, under these circumstances, the court will deny Petitioner's motion for summary judgment and renewed motion for summary judgment.

4

C.  Respondent's Motion to Dismiss

Respondent seeks dismissal of the Petition, contending that the Federal Bureau of Prisons properly computed Petitioner's sentence and that the common law "time at liberty" doctrine does not apply here. In support of its motion, however, Respondent has submitted materials which go outside of the facts alleged in the Petition itself. The court therefore deems it appropriate to convert Respondent's motion to dismiss into a motion for summary judgment. See Rules 1(b) and 12 of the Rules Governing Section 2254 Cases; Fed R. Civ. P. 12(d). Accordingly, the court will give Petitioner an opportunity to present admissible evidence in opposition to Respondent's now-converted motion for summary judgment. See Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). Petitioner should give particular consideration to the actions or inactions of federal officials and how that conduct measures up to the difficult standard identified by the First Circuit in Espinoza v. Sabol, 558 F.3d 83, 88-90 (1st Cir. 2009), for invoking the common law "time at liberty doctrine." As the First Circuit explained in Espinoza in affirming the dismissal of the petition:

> There was no intent by the government to string out the time Espinoza had to serve; this is plainly not a case of punishment of the prisoner on the installment plan. There is not the slightest hint in the record that the mistake was motivated by a desire to single out Espinoza or by any improper motive. Nor was there arbitrariness or capriciousness by any government actor. At most there was a mistake; mistakes are simply part of life.

Id. at 90. Respondent also may supplement the record with additional material if it wishes.

IV.  CONCLUSION

For these reasons, the court DENIES Petitioner's motion for summary judgment (Dkt. No. 13) and renewed motion for summary judgment (Dkt. No. 22.) The court also CONVERTS Respondent's motion to dismiss (Dkt. No. 17) into a motion for summary judgment. Petitioner shall supplement the record with admissible material pertinent to the now-converted motion for

5

summary judgment, <u>see</u> Fed. R. Civ. P. 56(c), by September 4, 2015.  If Respondent thereafter wishes to supplement the record, it shall do so by September 18, 2015.

    It is So Ordered.

                                                                                                                                                                      /s/ Mark G. Mastroianni
                                                                                                                                                                      MARK G. MASTROIANNI
                                                                                                                                                                      United States District Judge